## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT CASAR and MICHAEL FINK, )<br>Ohio citizens, individually and as the )<br>representatives of a class of similarly-situated )<br>persons, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CRUNCHBASE, INC., a Delaware )<br>corporation, )<br>)<br>Defendant. ) | Case No.:<br><br>Class Action |

## CLASS ACTION COMPLAINT

Plaintiffs, Robert Casar ("Casar") and Michael Fink ("Fink") (collectively, "Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated through their attorneys and allege the following against Defendant Crunchbase, Inc. ("Crunchbase" or "Defendant"):

## NATURE OF ACTION

1.     Plaintiffs and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief from Crunchbase for violations of the Ohio Right of Publicity Statute ("ORPS"), Ohio Revised Code § 2741.01, *et seq.*, and Ohio common law.

2.     ORPS prohibits using an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02. Ohio common law also precludes the commercialization of an individual's name or likeness through the tort of misappropriation. *James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 342 (2006) (citing *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St. 2d 224,

229-30 (1976) (adopting definition of the tort of misappropriation as set forth in the Restatement of Torts 2d, Section 652C)).

3.     Crunchbase provides an internet-based business search platform for prospecting new business opportunities. Users of Crunchbase's online platform can obtain personal information of various individuals, including their identifying information ("profiles"), based on particular search queries. The initial view of an individual's profile contains a name and job title. To view a full profile and to obtain contact information relating to that individual, a visitor to Crunchbase's website must either enter into a monthly subscription, paid yearly, or a free seven-day trial, which converts to a monthly subscription unless cancelled.

4.     Plaintiffs and the Class have no relationship with Crunchbase. More importantly, Plaintiffs and the Class never provided Crunchbase with written consent to use their identity and other personal information to advertise subscriptions to its platform.

5.     Despite failing to obtain written consent from Plaintiffs and the Class, Crunchbase nevertheless utilized their personal identifying information for the purpose of enticing users of its platform to enter into paid subscriptions for full access to profiles contained in its platform.  In other words, Crunchbase used Plaintiffs' and other Class Members' names and other identifying information for commercial purposes without their written permission in violation of ORPS and Ohio common law.

6.     Plaintiffs bring this Complaint seeking an order (i) declaring that Crunchbase's conduct violates ORPS and common law, (ii) requiring that Crunchbase cease the unlawful activities described herein, (iii) awarding Plaintiffs and the Class actual damages, including any profits derived from and attributable to the unauthorized use of their names or likenesses, or statutory damages between $2,500 and $10,000 as provided at OH ST § 2741.07(b), and (iv) an

award of punitive damages, if warranted, and reasonable attorneys' fees, court costs, and other expenses associated with this action.

## PARTIES

7.      Plaintiff Robert Casar is a citizen of the State of Ohio residing in Mentor, Ohio.

8.      Plaintiff Michael Fink is also a citizen of the State of Ohio residing in Lakewood, Ohio.

9.      Defendant Crunchbase is a privately held corporation registered in Delaware with its headquarters located in San Francisco, California. For its online platform, Crunchbase seeks out and compiles names and other identifying information of Ohio citizens and uses that information to market its online platform to Ohio citizens and others without written consent.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because diversity of citizenship exists between the parties – Plaintiffs are citizens of Ohio and Crunchbase is a Delaware corporation with headquarters in California. Further, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, with at least 100 or more potential class members based on the number of individuals identified in Crunchbase's platform and the damages available through ORPS. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.     The Court has personal jurisdiction over Crunchbase because it sought out and compiled the names and other identifying information of Plaintiffs and other Ohio citizens and used that information for marketing Ohio citizens and others without their written consent. In so doing, Crunchbase committed the statutory violations and common law torts related to the matters complained of herein in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## OHIO RIGHT OF PUBLICITY STATUTE

13.     ORPS prohibits the use of "any aspect of an individual's persona for a commercial purpose … [without] written consent." OH ST § 2741.02.

14.     ORPS defines "persona" as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." OH ST § 2741.01(A). "Commercial purpose" is defined in pertinent part as "the use of or reference to an aspect of an individual's persona …. (2) For advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter." OH ST § 2741.01(B).

15.     A person who violates ORPS is liable in a civil action for actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or, at the election of the plaintiff and in lieu of actual damages, statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). ORPS further provides that punitive or exemplary damages may be rewarded and authorizes the issuance of injunctive relief where appropriate. OH ST § 2741.07(A)(1)(c) and (D)(3).

16.     The remedies provided for in ORPS are not exclusive; rather, they are in addition to any other remedies provided for by state or federal statute or common law.  OH ST § 2741.08.

## FACTUAL ALLEGATIONS

17.     Crunchbase touts itself as the leading provider of private company prospecting

4

and research solutions.[1]

18.     Crunchbase offers an online platform, which is accessible at its website, www.crunchbase.com. According to Crunchbase, the platform offers "intelligent prospecting software powered by live company data for salespeople, CEOs and VCs to find and close deals" and attracts more than 76 million unique visitors annually.

19.     For its platform, Crunchbase has collected information regarding individuals and companies to create profiles of both. The resulting directory of profiles is then made available to users of the platform. Information that may be provided in an individual's profile includes name, photograph, contact information, job title, employment history, and education.

20.     Crunchbase's platform is based on its multifaceted approach to data collection. According to Crunchbase's privacy policy, it "create[s] or enhance[s] Profiles about individuals" by collecting information from various sources, including information that is not provided to Crunchbase by the individuals themselves. In fact, a vast majority of Crunchbase's data comes directly from its venture partners, of which it has over 4,000, and other contributors, including 600,000+ executives, entrepreneurs, and investors. Based on searches conducted with its platform, Crunchbase indicates that it has information on thousands of companies and investors and millions of individuals.

21.     Visitors to Crunchbase's website can use and search the platform for free; however, as discussed below, searches on the platform and information revealed on individuals are limited without a paid subscription.

22.     Crunchbase's platform allows the user to find and filter information about companies in diverse industries. Once a company is selected, information about it and its employees, including a list of ten executives and key decision makers, becomes available. For

---

[1] Information for Crunchbase found at its website, www.crunchbase.com, last visited on May 9, 2023.

the list of employees, Crunchbase indicates that contact information is available. However, prior to seeing the contact information or additional employees beyond the ten visible, the user is required to enter into a paid subscription or start a free trial.

23. The platform also allows users to conduct searches for individuals based on selected criteria, such as sales managers within a specific area and/or industry. After conducting a search, Crunchbase will provide a list of five individuals matching the criteria selected. Depending on the search parameters, the number of individuals falling within the search is much greater than the five visible. Similar to the company search, the platform will indicate that contact information for each individual is available. However, prior to revealing that information or showing additional results beyond the original five individuals, Crunchbase requires the user to enter into a paid subscription or start a free trial.

24. As stated, for either company or individual searches, Crunchbase requires potential customers to enter into paid subscriptions or sign up for a seven-day free trial to reveal more search results and additional information contained in individual profiles (such as contact information). Crunchbase offers several paid subscription plans, with varying product access attached to each.

25. Customers can select the "Starter" plan for $29 a month, billed annually. Customers can also select the "Pro" plan for $49 a month, billed annually. Finally, customers can contact Crunchbase for information regarding its "Enterprise" plan, which is geared towards "large teams."

26. For both the "Starter" and "Pro" plans, there is a seven-day free trial. With the "Pro" version, customers may unlock contact information for ten individual profiles during the free trial period. When completed, the "free trial" automatically enrolls customers in the plan

selected, subjecting them to a full year of payment, unless cancelled within the trial period.

27. Individual profiles on Crunchbase's platform provide enough information to identify an individual. In fact, Crunchbase states that its data is enriched, cleansed, verified, and updated daily to ensure customers have the latest information.

28. The purpose behind Crunchbase's use of individual profiles and allowing partial access to them for free is singular: to advertise and convince prospective customers to enroll in and ultimately purchase its monthly subscription services, whereby the user can access and retrieve full profiles on any individual searched on the platform. In other words, the partial access to individual profiles and limited name searches for free is part of Crunchbase's overall effort to sell its monthly subscriptions.

29. On information and belief, Crunchbase collects personal information of individuals, including Class Members, without their knowledge or awareness and creates profiles on its platform using that information. Crunchbase does not request or obtain consent or written authorization from those individuals before using their personal information and identities to market its paid subscription services as described herein.

### Facts relating to Robert Casar:

30. In April 2023, Casar discovered that his identity was used in Crunchbase's platform. Indeed, Casar can confirm that when his name ("Bob Casar") is searched for on Crunchbase's website, a profile appears with the name of his employer, his job title, and an option to "view" his name and telephone number.

31. Casar further confirms that when a user selects the "view" tab related to contact information, the user is directed to either enter into a paid subscription or select a seven-day free

trial of Crunchbase's "Pro" version.  According to Crunchbase, the "free trial" will give the user access to ten verified contacts, including Casar.

32.     Potential customers availing themselves of Crunchbase's platform are able to view and, on information and belief, have viewed not only information on Casar, but also Crunchbase's subsequent invitation to a free trial of Crunchbase "Pro."  Thus, Casar's identity has been used by Crunchbase to market its platform.

33.     Crunchbase's purpose behind providing access to some of Casar's identifying information is, in part, to solicit the purchase of paid subscriptions.

34.     Casar has no relationship with Crunchbase; he neither utilizes the platform nor subscribes to it.

35.     Casar did not give consent, written or otherwise, to Crunchbase to use his name, likeness, personal information, or identity in any way. Nor did Casar provide Crunchbase with written consent to use his identity for commercial purposes. Had Crunchbase requested his consent, Casar would not have provided it.

36.     Crunchbase did not obtain written consent from Casar prior to compiling his personal information to create a profile on him for its platform. Crunchbase also did not obtain prior written permission from Casar to use a partial view of that profile, which includes his name and current job title, to advertise paid subscriptions for its platform.  On information and belief, Crunchbase did not obtain written permission from any sources from which it compiled Casar's personal identifying information.

37.     Casar has intellectual property and privacy interests in his name, likeness, and persona as recognized by Ohio statutory and common law. Casar has the right to exclude anyone

from using his name, likeness, and persona for commercial purposes without his written permission.

38.     Crunchbase injured Casar by using his name, likeness, and persona for its own commercial purposes without compensation or permission and potentially subjecting him to harassing and uninvited marketing and sales communications.

### Facts relating to Michael Fink:

39.     In April 2023, Fink discovered that his identity was used in Crunchbase's platform. Indeed, Fink can confirm that when his name is searched for on Crunchbase's website, a profile appears with the name of his employer, his job title, and an option to "view" his name and telephone number.

40.     Fink further confirms that when a user selects the "view" tab related to contact information, the user is directed to either enter into a paid subscription or select a seven-day free trial of Crunchbase's "Pro" version.  According to Crunchbase, the "free trial" will give the user access to ten verified contacts, including Fink.

41.     Potential customers availing themselves of Crunchbase's platform are able to view and, on information and belief, have viewed not only information on Fink, but also Crunchbase's subsequent invitation to a free trial of Crunchbase "Pro."  Thus, Fink's identity has been used by Crunchbase to market its platform.

42.     Crunchbase's purpose behind providing access to some of Fink's identifying information is, in part, to solicit the purchase of paid subscriptions.

43.     Fink has no relationship with Crunchbase; he neither utilizes the platform nor subscribes to it.

44.     Fink did not give consent, written or otherwise, to Crunchbase to use his name, likeness, personal information, or identity in any way. Nor did Fink provide Crunchbase with written consent to use his identity for commercial purposes. Had Crunchbase requested his consent, Fink would not have provided it.

45.     Crunchbase did not obtain written consent from Fink prior to compiling his personal information to create a profile on him for its platform. Crunchbase also did not obtain prior written permission from Fink to use a partial view of that profile, which includes his name and current job title, to advertise paid subscriptions for its platform.  On information and belief, Crunchbase did not obtain written permission from any sources from which it compiled Fink's personal identifying information.

46.     Fink has intellectual property and privacy interests in his name, likeness, and persona as recognized by Ohio statutory and common law. Fink has the right to exclude anyone from using his name, likeness, and persona for commercial purposes without his written permission.

47.     Crunchbase injured Fink by using his name, likeness, and persona for its own commercial purposes without compensation or permission and potentially subjecting him to harassing and uninvited marketing and sales communications.

## **CLASS ALLEGATIONS**

48.     Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiffs bring this class action on behalf of themselves and the following class:

> All current and former Ohio residents who are not subscribers to Crunchbase's platform and whose name and/or identity are used to market paid subscriptions for Crunchbase's platform.

Excluded from the class are Crunchbase, its officers, directors, shareholders, and employees, and members of the Ohio judiciary. Plaintiffs reserve the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the class become more apparent.

49. **Class Size (Fed. R. Civ. P. 23(a)(1)):**  On information and belief, the members of the class are so numerous that joinder of all members is impractical.  Based on the investigation by their counsel and representations made by Crunchbase on its website, Plaintiffs reasonably believe that the class comprises thousands of current and former Ohio citizens whose profiles are compiled and maintained in Crunchbase's database and searchable on its platform. The exact number of persons in the class can be determined from records maintained by Crunchbase, but certainly exceeds 100.

50. **Commonality (Fed. R. Civ. P. 23(a)(2)):**  There are many questions of law and fact that exist as to Plaintiffs and members of the class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to:

(a) whether Crunchbase uses Plaintiffs' and Class Members' names and identities in advertisements for its own commercial benefit;

(b) whether Crunchbase obtained written consent from Plaintiffs and the Class prior to using their names and identities in advertisements promoting its platform as required by OH ST § 2741.02;

(c) whether the conduct described herein constitutes a violation of ORPS and Ohio common law;

(d)      whether Plaintiffs and the Class are entitled to punitive or exemplary damages for Crunchbase's commercial use of their names, likenesses, and personas; and

(e)      whether Plaintiffs and Class Members are entitled to declaratory, injunctive, and monetary relief as requested.

51.      **Typicality (Fed. R. Civ. P. 23(a)(3)):**  Plaintiffs' claims are typical of the claims of the members of the Class. Crunchbase's misuse of Plaintiffs' and Class Members' names, likenesses, and personas was the same for each.

52.      **Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):**  Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to any member of the Class. Plaintiffs  intend to prosecute this case vigorously on behalf of themselves and the Class.

53.      **Injunctive and/or Declaratory Relief (Fed. R. Civ. P. 23(b)(2)):**  As demonstrated above, Crunchbase has acted on grounds generally applicable to the proposed class such that final injunctive relief, as contemplated by OH ST § 2741.07(D)(3), is appropriate with respect to the Class as a whole.

54.      **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):**  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)      Proof of liability on Plaintiffs' claims will also prove liability for the claims of the Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Crunchbase may assert and attempt to prove will come from Crunchbase's records and will not require individualized or separate inquiries or proceedings;

(c)     Crunchbase has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)     The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Crunchbase economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. A class action, on the other hand, will permit a large number of claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)     This case is inherently manageable as a class action in that:

(i)     Crunchbase's records will enable Plaintiffs to readily identify class members and establish liability and damages;

(ii)     Liability and damages can be established for Plaintiffs and the Class with the same common proofs;

(iii)     A class action will result in an orderly and expeditious administration of claims and it will foster economies of time, effort, and expense;

(iv)     A class action will contribute to uniformity of decisions concerning Crunchbase's practices; and

(v)     As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

13

**COUNT I**
**Violation of ORPS, Ohio Revised Code § 2741.01, *et seq.***

55.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

56.     As stated, ORPS prohibits the use of an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02.

57.     By engaging in the foregoing acts and omissions, Crunchbase used Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances for commercial purposes without first obtaining written consent.

58.     Under ORPS, Crunchbase is liable for either actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). Plaintiffs may also be entitled to punitive or exemplary damages and injunctive relief. OH ST § 2741.07(A)(1)(c) and (D)(3).

59.     As a result of Crunchbase's violations of ORPS, Plaintiffs and the Class have suffered injury to their privacy rights and economic damages. Plaintiffs and Class Members have been denied the commercial value of their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances, which Crunchbase used without permission from or compensation to Plaintiffs and the Class. Plaintiffs and Class Members were denied their statutorily protected right to control how their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances are used and suffered economic damages based on

that misuse.

60.     Plaintiffs, on behalf of the Class, seek: statutory damages for Crunchbase's violations of ORPS, or alternatively, actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances; punitive or exemplary damages, if warranted; prejudgment interest; injunctive and declaratory relief; and an award of reasonable attorneys' fees, court costs, and other expenses associated with this action.

## COUNT II
### Ohio Common Law Tort of Appropriation of Name or Likeness

61.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

62.     Ohio common law recognizes the tort of appropriation of name or likeness. The tort creates a cause of action for the appropriation of a name or likeness by a defendant for the defendant's own use or benefit. *James*, 167 Ohio App. 3d at 342 (citing *Zacchini*, 47 Ohio St. 2d at 229-30).

63.     By engaging in the foregoing acts and omissions, Crunchbase appropriated the names and likenesses of Plaintiffs and Class Members for its own commercial benefit.

64.     Pursuant to Ohio common law, Plaintiffs, on behalf of themselves and the Class, seek monetary recovery in the amount of the commercial benefit Crunchbase derived from its misuses of their names and likenesses.

WHEREFORE, Plaintiffs, Robert Casar and Michael Fink, individually and on behalf of all other similarly-situated individuals, demand judgment in their favor and against Defendant Crunchbase, Inc. as follows:

A.     Certifying this case as a Class Action and appointing Plaintiffs and their attorneys

as class representatives and class counsel, respectively;

B.      An order declaring that Crunchbase's actions, as described herein, violate ORPS and Ohio common law;

C.      Awarding statutory damages to Plaintiffs and the Class for violating ORPS and/or actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, likenesses, and personas, plus prejudgment interest;

D.      Enjoining Crunchbase from committing further misuse of Plaintiffs' and the Class's names, likenesses, and personas;

E.      Awarding Plaintiffs reasonable attorneys' fees, court costs, and other expenses associated with this action as provide by ORPS; and

F.      Awarding such other and further relief as this Court deems appropriate and just.

Robert Casar and Michael Fink, individually and as representatives of a class of similarly-situated persons

By:      s/ Ryan M. Kelly
         One of their attorneys

Ryan M. Kelly
ANDERSON + WANCA
3701 W. Algonquin Rd. Ste 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
rkelly@andersonwanca.com